UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEETRIX IP, LLC, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 1:22-cv-588-LY |
| ZOHO CORPORATION | § |
| Defendant. | § |

**DEFENDANT ZOHO CORPORATION'S
OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................................................1

III.   LEGAL STANDARD ..............................................................................................4

IV.   ARGUMENT .........................................................................................................5

       A.     A Stay Will Simplify Issues for These Proceedings and Trial ................5

       B.     This Case Is Still In Its Infancy, Weighing in Favor of a Stay ................7

       C.     A Stay Will Not Unduly Prejudice Meetrix, a Non-Practicing Entity ....8

V.     CONCLUSION ......................................................................................................9

i

# **TABLE OF AUTHORITIES**

**Cases**

*Anza Tech., Inc. v. Avant Tech., Inc.*,
   No. A-17-CV-01193-LY, 2018 WL 11314191 (W.D. Tex. Nov. 15, 2018) ................... *passim*

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017) ................................................................................................ 7

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
   No. 1:20-CV-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) ................................. 5, 8

*Blephex LLC v. Pain Point Med. Sys. Inc.*,
   No. 3:16-CV-0410-N, 2016 WL 7839343 (N.D. Tex. Nov. 3, 2016). ..................................... 6

*Canon Inc. v. Avigilon USA Corp. Inc.*,
   No. 3:17-CV-2733-N, 2019 WL 13156692 (N.D. Tex. Jan. 3, 2019) ..................................... 6

*Delphix Corp. v. Actifio, Inc.*,
   No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ................................. 4

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................ 4

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
   No. 13-cv-04202-SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ......................................... 6

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
   No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) .................................. 6

*E-Watch, Inc. v. Lorex Canada, Inc.*,
   No. CIV.A. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ............................ 6, 9

*Finjan, Inc. v. Symantec Corp.*,
   139 F. Supp. 3d 1032 (N.D. Cal. 2015) ......................................................................... 4, 6, 7

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ....................................... 7

*LELO, Inc. v. Standard Innovation (US) Corp.*,
   No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) ................................... 5

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
   No. H-15-2915, 2017 WL 2255579 (S.D. Tex. May 23, 2017) .............................................. 6

## TABLE OF AUTHORITIES (continued)

*Meetrix IP, LLC v. Citrix Systems, Inc.*,
    No. 16-cv-01033-LY (W.D. Tex.) ............................................................................... 5

*Meetrix IP, LLC v. Verizon Commc'ns, Inc.*,
    No. 1:22-cv-00758-LY (W.D. Tex.) ............................................................................ 3

*Murata Machinery USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016) .................................................................................... 4

*SSL Servs., LLC v. Cisco Sys., Inc.*,
    No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ............ 4

*Symantec Corp. v. Zscaler, Inc.*,
    No. 17-CV-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018) ..................... 9

*The Procter & Gamble Co. v. Cao Group, Inc.*,
    No. 1:13-CV-337, 2014 WL 3573597 (S.D. Ohio July 21, 2014) ............................. 6

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
    No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ......................... 8

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .................................................................................... 8

*Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*,
    2015 WL 180939 (C.D. Cal. Apr. 20, 2015) ............................................................... 8

### Other Authorities

35 U.S.C. 314(b) ................................................................................................................. 3, 9

37 C.F.R. § 42.107(b) ......................................................................................................... 3, 9

77 Fed. Reg. 48680, 48721 (Aug. 14, 2012) ......................................................................... 7

I.      INTRODUCTION

Zoho Corporation ("Zoho") respectfully requests that this case be stayed pending the PTO's final determination on the six petitions for *inter partes* review ("IPR") of the four patents-in-suit ("patents-in-suit") asserted by Plaintiff Meetrix IP, LLC ("Meetrix") in this case: U.S. Patent No. 8,339,997 (the "'997 patent"), U.S. Patent No. 9,094,525 (the "'525 patent"), U.S. Patent No. 9,253,332 (the "'332 patent"), and U.S. Patent No. 9,843,612 (the "'612 patent") (collectively, the "IPRs"). All asserted claims of all currently pled patents,[1] except for those claims previously found invalid by this Court, are subject to at least one IPR petition.

As set forth in more detail below, all relevant factors weigh in favor of a stay until conclusion of the IPR proceedings. A stay will simplify the issues in this case and potentially eliminate the need for trial. This case is also still in its early stages. The pleadings are not set, no written discovery (other than venue discovery) has been conducted, there has been no claim construction, and no trial date is set. A stay also will lessen the burden on the Court and the parties. Finally, a stay would not unduly prejudice Meetrix. Meetrix is a non-practicing entity seeking only monetary damages that waited years before filing suit against Zoho. There is no urgency in having this case proceed now. Because the relevant factors weigh in favor of this Court's exercise of its inherent power to stay this case, Zoho's motion should be granted.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Meetrix is a Texas corporation and a non-practicing entity. ECF 13. Zoho is a California corporation and subsidiary of the Indian company Zoho Corporation Pvt. Ltd. ("ZCPL"), one of

---

[1] Over a year after filing this case, Plaintiff now intends to seek amendment of its complaint to add another patent, U.S. Patent No. 8,477,778 (the "'778 patent"). The parties are meeting and conferring regarding Plaintiff's proposed amended pleading and its impact on the current case management deadlines. Zoho is also reviewing the '778 patent and considering whether to file an additional IPR petition on one or more claims therein.

the world's leading providers of web-based business software and information technology tools, including the two accused products, Zoho Meeting and Zoho Webinar. *Id.* On December 10, 2021, Meetrix filed its complaint against Zoho for infringement of the four patents-in-suit. ECF 1. On March 8, 2022, Zoho filed a Rule 12(b)(6) motion to dismiss for Meetrix's failure to sufficiently plead claims of joint and indirect infringement (ECF 11). On March 22, 2022, rather than opposing Zoho's motion to dismiss, Meetrix filed a first amended complaint ("FAC") asserting the same patents-in-suit (ECF 20), and Zoho renewed its motion to dismiss on April 5, 2022 for Meetrix's failure to cure its pleading deficiencies (ECF 21). Zoho's renewed motion to dismiss is fully briefed and remains pending today. *See* ECF 25, 26.

On November 3, 2022, this Court held an initial pretrial conference (ECF 35, 36) and subsequently entered a pre-*Markman* scheduling order that included, *inter alia*: January 12, 2023 as the deadline for Meetrix's infringement contentions; March 3, 2023 as the deadline for Zoho's invalidity contentions; and a *Markman* hearing on May 13, 2023. *See* ECF 38.

On December 16, 2022, Zoho and ZCPL filed six IPR petitions challenging the claims of the four patents-in-suit. Specifically, the IPRs challenge the following claims:

| IPR Case No. | Patent-in-Suit | Claims challenged |
|---|---|---|
| Case IPR2023-00371 | '997 patent | Claims 1 through 10 |
| Case IPR2022-00378 | '525 patent | Claims 1 through 8 |
| Case IPR2023-00379 | '525 patent | Claims 9 through 20 |
| Case IPR2022-00377 | '332 patent | Claims 1 through 12 |
| Case IPR2023-00380 | '612 patent | Claims 10 through 18 |
| Case IPR2023-00382 | '612 patent | Claims 19 through 29 |

In each IPR, Zoho notified the PTO and Meetrix that it would move to stay these district court proceedings pre-institution, with the stipulation that if the IPR is instituted, Zoho would not rely on any grounds that it raised or could have raised in that IPR petition. On January 24, 2023, the PTO accorded the filing dates, whereby institution decisions are expected no later than July 24,

2023.  *See* 37 C.F.R. § 42.107(b) (preliminary response due no later than three months after date of notice indicating request to institute IPR has been granted a filing date); 35 U.S.C. 314(b) (determination whether to institute IPR to be made within three months after receiving preliminary response).

On January 12, 2023, Meetrix sought an extension on its deadline to serve its infringement contentions, to which Zoho agreed.  On January 17, 2023, Meetrix served infringement contentions, which simply re-purposed its previous preliminary contentions, adding new charts only for the '778 patent, which was not previously alleged in the FAC.[2]  Plaintiff's infringement contentions assert the following claims against Zoho:

| Patent-in-Suit | Claims Asserted |
|---|---|
| '997 patent | Claims 1-18 |
| '525 patent | Claims 1-20 |
| '332 patent | Claims 1-12 |
| '612 patent | Claims 10-29 |
| '778 patent | Claims 1-10 |

Although this case was filed over a year ago, it remains in its early stages.  Zoho's motion to dismiss remains pending and the pleadings are not yet set.  No written discovery (other than venue discovery) has taken place.  Zoho has not served its invalidity contentions, no claim construction has been done, and there has been no substantive litigation on the merits.  No trial date has been set.  As of the date of this filing, this case is the only known active pending matter involving Meetrix and any of the patents-in-suit.[3]

---

[2] Plaintiff did not serve new or additional claim charts for the four patents-in-suit, relying on its March 22, 2022 preliminary infringement contentions for those patents.

[3] Although there is one other matter pending before this Court, *see Meetrix IP, LLC v. Verizon Commc'ns, Inc., et al.*, No. 1:22-cv-00758-LY (W.D. Tex. filed Dec. 10, 2021), the parties filed a joint motion to dismiss with prejudice on January 27, 2023.  All other known proceedings involving Meetrix and any of the patents-in-suit have been dismissed.

### III. LEGAL STANDARD

Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO review of the patents at issue. *See, e.g.*, *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018), citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988); *SSL Servs., LLC v. Cisco Sys., Inc.*, 2016 WL 3523871, at *1 (E.D. Tex. June 28, 2016) (whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion) (citation omitted). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *SSL Servs.*, 2016 WL 3523871, at *1 (citations omitted). "[J]udicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014) (citation omitted); *see also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015) (granting stay pending PTO decision to institute IPR and noting "it is not uncommon" for courts "to grant stays pending reexamination prior to the PTO deciding to reexamine the patent") (citations omitted).

District courts generally consider three factors when determining whether to stay a case in light of IPR proceedings: (1) whether a stay will simplify the issues; (2) the status of the litigation at the time a stay is requested; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *See, e.g.*, *Anza Tech.,* 2018 WL 11314191, at *2 (citation omitted). The Federal Circuit also has held that courts may consider whether a stay will reduce the burden of litigation on the court and the parties. *See Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("The burden litigation

places on the court and the parties when [IPR] proceedings loom is one such consideration that district courts may rightfully choose to weigh.") (citation omitted)

## IV. ARGUMENT

Here, each of the relevant factors strongly weigh in favor of a stay pending resolution of the IPRs.

### A. A Stay Will Simplify Issues for These Proceedings and Trial

No matter how the IPRs are resolved in this case, it will narrow and streamline this litigation. Zoho has filed six petitions for IPRs covering all the asserted claims at issue in this case,[4] with the exception of the claims of the '778 patent which Plaintiff intends to seek to add by amendment. Even if the '778 patent is added to this case, however, Zoho's six IPRs would significantly simplify issues in this case. The institution and resolution of one or more IPRs in Zoho's favor would significantly reduce the number of claims at issue. *See, e.g.*, *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.,* No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (potential resolution of three of seven patent disputes through IPRs "would significantly reduce the number of claims that proceed to trial"), citing *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB.") and *E-Watch, Inc. v. Lorex Canada, Inc.*, No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) (finding that "simplification of the issues"—as opposed to "total resolution of the case"—weighed in favor of stay).

---

[4] While Zoho did not petition for IPR of asserted claims 11-18 of the '997 patent, this Court has already found those claims invalid for indefiniteness and thus these should not be at issue in this case. *See Meetrix IP, LLC v. Citrix Systems, Inc.,* No. 16-cv-01033-LY, D.I. 69 (W.D. Tex. Dec. 1., 2017), at 17-19.

5

Indeed, many courts have stayed district court proceedings prior to institution, noting the outcome of the IPRs may simplify the case by "rendering some or all of Plaintiff's infringement claims moot, estopping Defendant from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion of the claims at issue." *Blephex LLC v. Pain Point Med. Sys. Inc.*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *3 (N.D. Tex. Nov. 3, 2016) (internal quotations and citation omitted); *see also, e.g.*, *Finjan*, 139 F. Supp. 3d at 1035, citing *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014); *Canon Inc. v. Avigilon USA Corp. Inc.*, No. 3:17-CV-2733-N, 2019 WL 13156692, at *1 (N.D. Tex. Jan. 3, 2019) (granting stay after IPR petitions filed on two of five asserted patents).

In addition to clarifying and reducing the claims that may proceed to trial, providing guidance on the prior art and claim construction, and potentially estopping Zoho from raising any arguments it raised or it reasonably could have raised in the IPRs, the IPRs may also simplify this case in other ways. For example, "many discovery problems relating to prior art" could be alleviated, the outcome of the IPRs "may encourage a settlement without further involvement of the court," and the record of administrative review may be entered at trial thereby "reducing the complexity and the length of the litigation." *The Procter & Gamble Co. v. Cao Group, Inc.*, No. 1:13-CV-337, 2014 WL 3573597, at *2 (S.D. Ohio July 21, 2014) (citation omitted); *see also Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *1 (S.D. Tex. May 23, 2017) (noting ways case can be simplified through IPR, including "alleviating discovery disputes regarding prior art, case being dismissed if patents are declared invalid, encouraging settlement, and reducing costs") (citation omitted).

A stay may also avoid inconsistent results. *See, e.g.*, *Evolutionary Intel. LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013). And even if some of

6

the claims were to survive IPR review, the PTAB's "statements and reasoning" may nevertheless "be persuasive" in construing disputed claim terms. *Anza Tech.*, 2018 WL 11314191, at *2 (concluding "whatever occurs at the PTAB will potentially be helpful to the court in construing the parties' disputed claim terms"). Moreover, any statements made by a patent owner during the IPR, whether before or after an institution decision, could be considered for claim construction and relied upon to support a finding of prosecution disclaimer. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017).

Thus, waiting for completion of the IPRs before proceeding here will allow the parties and the Court to focus their resources on just the issues that would remain, if any, following conclusion of the IPRs. This factor strongly favors a stay.

### B.     This Case is Still in Its Infancy, Weighing in Favor of a Stay

Furthermore, a stay is particularly appropriate here as the case is at its infancy. As Zoho filed the IPRs before any substantive proceedings in this case, a stay allows the parties and the Court to realize fully the congressional goal of "coordination between district court infringement litigation and inter partes review to reduce duplication of efforts and costs." 77 Fed. Reg. 48680, 48721 (Aug. 14, 2012). Indeed, this is a case where the Court and parties can benefit from the efficiencies and resource savings facilitated by the IPR proceedings. *See Finjan*, 139 F. Supp. 3d at 1035 ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery."); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotations and citation omitted).

Although this case has been pending for over a year, very little substantive progress has been made. Zoho's motion to dismiss is still pending and the pleadings are not set. Plaintiff

7

only just served its infringement contentions and Zoho's invalidity contentions currently are not due until March 3, 2023. No written discovery has been propounded, no claim construction briefing has been filed, and no trial date has been scheduled. There are also no other related cases pending. Thus, staying the case now will allow the Court and both parties to avoid almost all costs associated with litigation, including meet and confers, discovery, and claim construction matters. Staying these proceedings now until resolution of the IPRs will also ensure the parties and Court do not waste any more resources on claims that will be invalidated. Thus, the fact that no substantive proceedings have taken place heavily favors granting Zoho's request for a stay. *See, e.g.*, *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) (holding that early stage of litigation "heavily favors" a stay where case was "still at its infancy"); *Anza Tech.*, 2018 WL 11314191, at *2 (granting stay where no claim construction had taken place, no discovery had commenced, and no trial date set); *Bell Semiconductor*, 2022 WL 1447948, at *2 (even where claim construction had already occurred, status of litigation favored stay as no scheduling order was entered or trial date was set, parties still had substantial amount of discovery to complete, and stay could reduce the amount of discovery required) (citing cases).

    **C.**    **A Stay Will Not Unduly Prejudice Meetrix, a Non-Practicing Entity**

Finally, a stay will not result in any undue prejudice to Meetrix. Meetrix is a non-practicing entity that does not compete against Zoho. *See, e.g.*, *Bell Semiconductor, LLC*, 2022 WL 1447948, at *2 (finding stay pending IPR would not unduly prejudice or present a clear tactical disadvantage to plaintiff as it did "not produce products on its patents or otherwise compete with" defendant). Meetrix also does not seek any preliminary or permanent injunctive relief. *See generally* FAC (ECF 20); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020), citing *VirtualAgility*, 759 F.3d at 1318-19 ("A stay will not diminish the monetary damages to which [a party] will be entitled if it

8

succeeds in its infringement suit — it only delays realization of those damages."); *see also Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04426-JST, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018) (plaintiff's failure to move for preliminary injunction "weighs against prejudice because it suggests that money damages would compensate any loss") (citation omitted).

Additionally, the inherent delay associated with a stay cannot by itself constitute a basis for undue prejudice. *See, e.g.,. E-Watch, Inc.*, 2013 WL 5425298, at *2 ("[T]he mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay.") (granting stay).

Furthermore, any incremental delay pending the outcome of the IPR proceedings would be nominal. If an IPR is not instituted, this case can proceed in approximately six months. *See* 35 U.S.C. 314(b); 37 C.F.R. § 42.107(b). Indeed, this case was already previously stayed for over four months without resulting in any undue prejudice to Plaintiff. *See* ECF 34. In contrast, if the case is not stayed, but an IPR is instituted, "the court will undoubtedly be faced with another motion to stay, at which point [Meetrix] will argue that the stay should be denied due to the significant resources expended by the parties and the Court in the intervening months." *Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, 2015 WL 180939, at *3 (C.D. Cal. Apr. 20, 2015). As such, the "risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of resources should the stay be denied and an IPR subsequently commence." *Id.*

### V.   CONCLUSION

For the foregoing reasons, Zoho requests the Court grant its motion to stay this case pending the PTO's final determination on its petitions for *inter partes* review of the patents-in-suit.

Date: January 31, 2023

/s/ *Ryan J. Marton*

Ryan J. Marton (admitted *Pro Hac Vice*)
ryan@martonribera.com
Carolyn Chang (admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN & CHANG LLP**
548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: 512.402.3550
Fax: 512.402.6865

*Attorneys for Defendant Zoho Corporation*

10

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Zoho conferred with counsel for Meetrix IP on January 11, 2023 regarding this motion to stay, and on January 17, 2023 Meetrix IP indicated that it opposed the motion.

Dated: January 31, 2023                          /s/ Ryan J. Marton
                                                 Ryan J. Marton

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on January 31, 2023.

Dated: January 31, 2023                          /s/ Ryan J. Marton
                                                 Ryan J. Marton