**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Meetrix IP, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 1:22-cv-00588-LY |
| v. | § § | |
| ZOHO CORPORATION | § § | |
| Defendant. | § § § | |

**PLAINTIFF MEETRIX'S OPPOSITION
TO DEFENDANT ZOHO'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## TABLE OF CONTENTS

I.      SUMMARY OF THE ARGUMENT ................................................................................. 5

II.     FACTUAL BACKGROUND ........................................................................................... 6

III.    APPLICABLE LEGAL STANDARD ............................................................................. 6

IV.     ARGUMENT .................................................................................................................. 7

        A.      Zoho's IPR Petitions Do Not Warrant a Stay ........................................................ 7

        B.      A Stay Will Likely Fail to Simplify the Issues and Not Reduce the Burden on
                the Court or Parties ................................................................................................ 7

        C.      The Stage of Proceedings ..................................................................................... 10

        D.      A Stay Will Prejudice Meetrix ............................................................................. 11

V.      CONCLUSION ............................................................................................................. 12

## **TABLE OF AUTHORITIES**

**Cases**

*Advanced Electrolyte Technologies LLC v. Samsung SDI Co., Ltd.*,
     2018 WL 11346890 (W.D. Tex. 2018) ................................................................. 9

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
     No. 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016) .................................. 8

*Clinton v. Jones*,
     520 U.S. 681 (1997) ....................................................................................... 6

*Copy Protection LLC v. Netflix, Inc.*,
     No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) .................................... 8

*EchoStar Techs. Corp. v. TiVo, Inc.*,
     No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ................................ 7

*Ethicon, Inc. v. Quigg*,
     849 F.2d 1422 (Fed.Cir.1988) ......................................................................... 6

*Freeny v. Apple Inc.*,
     No. 2:13-cv-00361-WCB, 2014 WL 3611948 (E.D. Tex. July 22, 2014) ..................... 9

*Intellectual Ventures II LLC v. Kemper Corp.*,
     No. 6:16-CV-0081, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016) ............................... 10

*Kerr Machine v. Vulcan Holdings*,
     No. 6:20-cv-00200-ADA (August 2, 2020 Text Order) ......................................... 11

*MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*,
     No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan 5, 2015) ............................. 11

*Multimedia Content Management LL v. Dish Network L.L.C.*,
     No. 6:18-cv-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ........... 7, 8, 11

*NFC Techs. LLC v. HTC Am., Inc.*,
     No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................... 7

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
     No. 6:16-CV-00086-RWS-JDL, 2017 WL 3712916 (E.D. Tex. Feb. 3, 2017) ............... 10

*Solas Oled Ltd. v. Dell Techs. Inc.*,
     No. 6:19-cv-00514-ADA (W.D. Tex. April 14, 2020) ......................................... 11

*Tessera Advanced Techs. v. Samsung Electronics, Co.*,
     2018 WL 3472700 (E.D. Tex. July 19, 2018) .................................................... 10

*TruePosition, Inc., v. Polaris Wireless, Inc.*,
   No. 12-646- RGA/MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013) ........................ 9, 10

*TruePosition, Inc., v. Polaris Wireless, Inc.*,
   No. 12-646-RGA, 2013 WL 6020798 (D. Del. Nov. 12, 2013) ........................................ 9

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
   No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ............................... 6

**Statutes**

35 U.S.C. § 315(e) ............................................................................................................. 11

35 U.S.C. § 316(a)(11) ...................................................................................................... 11

**Rules**

37 C.F.R. § 42.100 ............................................................................................................ 11

Plaintiff Meetrix IP, LLC ("Meetrix" or "Plaintiff") files its Opposition to Defendant Zoho's ("Defendant" or "Zoho") Motion to Stay Pending *Inter Partes* Review (Doc. 39) (the "Motion"). In support thereof, Meetrix respectfully states as follows:

## I.     SUMMARY OF THE ARGUMENT

The title of Zoho's Motion is itself misleading; there is no *Inter Partes* review instituted. With respect to the four patents that have been in the lawsuit for a year, Zoho waited until just about the last possible day authorized by statute, filing petitions on December 16, 2022. Patent Owner's preliminary response is not due until April 24, 2023 and April 27, 2023, and no institution decision will likely be made until the summer of 2023. There is now a fifth patent in the lawsuit for which no petition has been filed. The preliminary nature of the IPR proceedings and the tardiness of Zoho's filings should be dispositive against the Motion.

A stay is not warranted, and the Court should deny Defendant's Motion. Defendant has moved for a stay based on a rote allegation that the pending IPRs filed by Defendant Zoho would purportedly simplify or resolve this case. Defendant has delayed in filing its petitions and overstates the potential impact of Zoho having filed them. The Court should deny Defendant Motions' because:

- Zoho delayed for ***twelve months*** before filing its rehashed IPR petitions;

- Zoho's IPRs have not been instituted;

- This Court has previously construed the terms at issue in this patent family;

- Meetrix's claims would likely be tried in this Court before the PTAB issues Final Written Decisions in Zoho's IPRs;

- Defendant fails to identify any case-specific efficiencies.

## II.     FACTUAL BACKGROUND

On December 10, 2021, Plaintiff Meetrix Corporation ("Meetrix") filed this suit against Zoho Corporation ("Zoho") (Doc. 1).  After requesting multiple extensions,  Zoho appeared by a Motion to Dismiss for Failure to State a Claim on March 8, 2022.  (Doc. 11).  Meetrix filed a Notice of Case Readiness on March 15, 2022 (Doc. 18).

Meetrix served its infringement contentions in the Western District of Texas Waco case ***nearly eleven months ago*** on March 22, 2022.  (Exhibit 1).

Meetrix has moved these cases forward without delay.  Per the Court's Scheduling Order (Doc. 25), Meetrix served preliminary infringement contentions, validity contentions are imminent, and claim construction is underway.  The Court has previously construed the great majority of claim terms that will be presented by the parties.

## III.    APPLICABLE LEGAL STANDARD

A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *See Clinton v. Jones,* 520 U.S. 681, 706 (1997).   "The proponent of a stay bears the burden of establishing its need." *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (internal citations omitted).

Whether to grant a stay pending the post-grant review of a patent is entrusted to the discretion of the district court. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  Generally, "[i]n determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *YETI Coolers*, 2018 WL 2122868, at *1; *Multimedia Content Management LL v. Dish Network L.L.C.,* No. 6:18-

cv-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019)) (citing *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) ("District courts typically consider three factors when determining whether to grant a stay pending *inter partes review* of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.")). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## IV.   ARGUMENT

### A.   Zoho's IPR Petitions Do Not Warrant a Stay

Zoho argues that the Court should stay these cases in favor of Zoho's four IPR petitions because all the relevant factors purportedly support such a stay because, according to Defendant: (a) a stay will allegedly simplify issues before the Court; (b) the proceedings are in their "infancy"; and (c) a stay at this late juncture will not prejudice Meetrix. Defendant is wrong on all counts. Each factor weighs ***against*** a stay.

### B.   A Stay Will Likely Fail to Simplify the Issues and Not Reduce the Burden on the Court or Parties

Defendant incorrectly argues that a stay will likely simplify the issues because (a) the PTAB could invalidate some or all of the asserted claims; (b) Meetrix could commit prosecution history estoppel; and (c) Defendant' agreement to be partially bound by the results of the IPRs would result in simplification even if not all claims are invalidated. To the contrary, these factors do not favor a stay.

As a threshold issue, the PTAB has not yet instituted the IPR Petitions. Therefore, "there is no guarantee that granting a stay will simplify any issues in this litigation." *Multimedia Content Mgm't* at 6. And "were the PTAB to ultimately deny institution, then the trial in this case would be needlessly delayed." *Id.* Defendant cites no precedent where Courts have stayed a case based entirely on uninstituted IPR petitions. Indeed, Defendant offers nothing more than speculation to support a stay.[1]

Even if ultimately instituted, Zoho's IPRs would not significantly simplify the issues. Zoho asserts without basis that "[*n]o matter how the IPRs are resolved in this case, it will narrow and streamline this litigation*." (Mot. at 5 (emphasis added).) This assertion is directly contradicted by the statistics from the USPTO. What is more probable is that it will increase the time to disposition and limited resources of Meetrix relative to a much larger entity.

In IPR proceedings, the USPTO has discretion to deny the IPR petition at the institution phase, before the proceedings continue to a full trial on the merits. According to USPTO statistics, petitions have been instituted in just over 50% of all filed petitions. (*See* Mot. Ex. B at 11 (4,549 of 8,747 petitions instituted).) *See also Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. 15-516-LPS-CJB, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016) ("But as time has passed since the new IPR process was instituted, the Court has become less and less sure about the merit of granting a stay in favor of an IPR proceeding, when the PTAB has not even weighed in on whether to institute review."). Because of this virtual coin flip scenario, courts in this district have found that "[g]enerally, 'the "simplification" issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review.'" *Copy Protection LLC v. Netflix, Inc.*, No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (quoting

---

[1] And given that trial in this Court is expected before any IPR Final Written Decision, the PTAB may decline to institute the IPRs.

*Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014)).  This is because, "[i]f the petition is denied, the stay would contribute not at all to simplifying the issues before the Court," and would only result in delay and prejudice.  *Freeny*, 2014 WL 3611948, at *2.  As noted by this Court, when there has not yet been an institution decision on the IPR, it "render[s] any consideration of the likelihood of invalidation to be unknown."  *TruePosition, Inc., v. Polaris Wireless, Inc.*, No. 12-646- RGA/MPT, 2013 WL 5701529, at *5 (D. Del. Oct. 21, 2013), *adopted by* No. 12-646-RGA, 2013 WL 6020798 (D. Del. Nov. 12, 2013).  Statistics show that only 16% of the petitions filed in FY2021 (235 of 1447) and 24% of the petitions filed in FY2022 (305 of 1255) resulted in all claims being cancelled, thus making it very likely that regardless of the outcome of the IPR, the parties and this Court will still need to litigate the same issues, including validity, infringement, and damages.  https://www.uspto.gov/patents/ptab/statistics (attached as Exhibits 2 & 3).

Zoho also argues that this case is of a complex nature.  *See* Motion at 10.  All patent cases have some complexity, so this suggestion is devoid of real meaning. This is a single patent family case.  A stay does not promote simplification or efficiency, it mandates the expenditure of additional resources *seriatum* by Meetrix.  *See Advanced Electrolyte Technologies LLC v. Samsung SDI Co., Ltd*., 2018 WL 11346890, at *2 (W.D. Tex. 2018) ("the court concludes that a stay of the proceedings regarding the '033 patent in this case is not appropriate").

In denying a nearly identical motion filed in another case, Judge Gilstrap rejected Zoho's exact same laundry list of ways a stay pending IPR could simplify issues for the district court litigation.  *See* Motion at 4-6.  As noted by Judge Gilstrap, "the Court finds that Defendants' six points of simplification in this case are likely to be present in virtually every case in which *inter partes* review has been sought challenging a patent owned by a non-competing entity." *Tessera*

*Advanced Techs. v. Samsung Electronics, Co.*, 2018 WL 3472700, at *6 (E.D. Tex. July 19, 2018). These are mere possibilities at the pre-institution phase and therefore cannot be said to weigh in favor of Zoho's motion. *See also TruePosition*, 2013 WL 5701529, at *5 (denying pre- institution request for stay and stating that "the procedural status at this time disfavors the grant of a stay").

Zoho has made no offer of being estopped beyond the statutory minimum. Following the IPR proceeding, Defendant would still remain free to assert invalidity on grounds not assertable at the PTAB, *e.g.* system art. *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016) ("regardless of any estoppel, Defendant has considerable latitude in using prior art systems (for example, software) embodying the same patents or printed publications placed before the PTO in IPR proceedings.")  Courts have rejected stays in light of the limited estoppel, as they complicate, instead of simplify, the issues. *See e.g.*, *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-00086-RWS-JDL, 2017 WL 3712916, at *5 (E.D. Tex. Feb. 3, 2017) (rejecting a stay as to Defendant who offered limited estoppel and finding "such a limited estoppel provision may increase rather than reduce the complexity of validity issues that may come before the Court."); *see also Intellectual Ventures II*, 2016 WL 7634422, at *3.

Defendant further raise the hypothetical that Meetrix could commit prosecution disclaimer in instituted IPR proceedings. Motion at 7. However, that argument is pure conjecture. Defendant has no evidence that such an outcome is likely or even possible, especially considering no IPR has been instituted.

Thus, a stay would not simplify the issues; this factor weighs against a stay.

### C.   The Stage of Proceedings

Zoho waited a full year to file IPR petitions. Their codefendant, Verizon, has settled, leaving one remaining defendant, and the case stands ready for disposition.

The proceedings here have advanced significantly.  In addition to serving infringement contentions twice, invalidity contentions are due in two weeks.  *See* Pre-*Markman* Scheduling Order (Doc. 38).  In March, claim construction will be underway.  *Id*. While fact discovery has not yet started, the parties have already expended significant resources.  Courts in this District have denied requests for a stay at a similar stage.  *See, e.g.*, *Solas Oled Ltd. v. Dell Techs. Inc*., No. 6:19-cv-00514-ADA, April 14, 2020 Tr. at 9:2-11; 27:18 (denying stay five months before Markman); *Kerr Machine v. Vulcan Holdings*, No. 6:20-cv-00200-ADA (W.D. Tex. Aug. 2, 2020) (text order) (denying stay pending PGR review).

This factor weighs against a stay.

### D.   A Stay Will Prejudice Meetrix

This Court has recognized that patent holders such as Meetrix have "an interest in the timely enforcement of [their] patent right."  *Multimedia Content Mgm't* at 4 (quoting *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)).  Zoho's requested stay will likely last until 2025 at the earliest (assuming institution occurs). Thus the proposed stay will deprive Meetrix of its currently slated trial, and the patents-in-suit will expire.  Defendant further ignore that with extensions, the PTAB deadline for issuing a Final Written Decision could be extended, further prejudicing Meetrix.  *See* 35 U.S.C. § 316(a)(11) and 37 C.F.R. § 42.100.

Defendant also argues that a stay would reduce the burden on the parties and the Court, but Defendant relies on precedent in which the defendant's IPRs at issue had been instituted and the defendant would be bound by full 35 U.S.C. § 315(e) estoppel—when neither circumstance is present here.

A stay will prejudice Meetrix, and the Court should find this factor weighs against a stay.

As each relevant factor weighs against a stay, the Court should deny Defendant's Motion.

## V.      CONCLUSION

All of the factors to be considered by the Court weigh against Zoho's Motion. Therefore, Zoho's motion to stay these advanced proceedings based upon IPRs that have not even been instituted should be denied.

Dated:  February 14, 2023                              Respectfully submitted,

                                           By:      /s/ *Andrew G. DiNovo*
                                                    Andrew G. DiNovo
                                                    Texas State Bar No. 00790594
                                                    adinovo@dinovoprice.com
                                                    DINOVO PRICE LLP
                                                    7000 N. MoPac Expressway
                                                    Suite 350
                                                    Austin, Texas 78731
                                                    Telephone: (512) 539-2626
                                                    Facsimile:  (512) 539-2627

                                                    John D. Saba, Jr.
                                                    Texas State Bar No. 24037415
                                                    john@wittliffcutter.com
                                                    WITTLIFF CUTTER PLLC
                                                    1209 Nueces
                                                    Austin, Texas 78701
                                                    Telephone: (512) 960-4438
                                                    Facsimile:  (512) 960-4869

                                                    **ATTORNEYS FOR PLAINTIFF**

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on February 14, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Andrew G. DiNovo*

Andrew G. DiNovo
