UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEETRIX IP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:22-cv-588-LY |
| § | |
| ZOHO CORPORATION § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT ZOHO CORPORATION'S**
**REPLY IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**I.     INTRODUCTION**

It is well within this Court's sound discretion, on the facts and circumstances here, to stay this case prior to the institution decisions on Zoho's IPR petitions on the four patents-in-suit. Though filed over a year ago, this case remains in its early stages: the pleadings are not set, there has been no claim construction briefing or discovery (other than venue discovery), and there is no trial date. Meetrix, a non-practicing entity, waited years to sue Zoho and expressly seeks only monetary damages. A stay now will allow the parties and the Court to realize the full benefits of conserving party and judicial resources without any undue prejudice to Meetrix. If IPRs are instituted in July 2023, this case will be simplified and benefit from, *inter alia*, the PTO's rulings and guidance, regardless of which party prevails. And if IPRs are not instituted, there will have been only a few months' further delay in this case. As all relevant factors favor a stay, Zoho respectfully requests its motion be granted.

**II.    ARGUMENT**

**A.     The Stage of Proceedings Factor Heavily Favors a Stay**

Objectively, this case is still in its initial stages and has not "advanced significantly" as claimed by Meetrix (D.I. 40 at 11). Though filed over a year ago, no substantive progress has been made. D.I. 39 at 1-3. The case is not at issue, Zoho's Rule 12(b)(6) motion to dismiss remains pending, and Zoho has not answered.[1] There has been no discovery other than venue discovery. Invalidity contentions are not expected to be due until April and no claim construction briefing has been done. No pre-trial deadlines and no trial date are set.

---

[1] Plaintiff has not filed its SAC to add the '778 patent yet, though it was asserted in its infringement contentions over a month ago. The parties agreed weeks ago to a 30-day extension of the schedule to allow the SAC, but Plaintiff still has not approved the joint motion. After the SAC is filed, Zoho will renew its motion to dismiss, resulting in only further delay before the pleadings are set.

Given the nascency of this case, this factor heavily favors stay. D.I. 39 at 7-8. To rebut this, Meetrix unpersuasively relies on only two unpublished orders in *Solas Oled Ltd. v. Dell Techs. Inc.*, No. 6:19-cv-00514-ADA (W. D. Tex.) and *Kerr Machine v. Vulcan Holdings*, No. 6:20-cv-00200-ADA (W.D. Tex.).[2] D.I. 40 at 11. Both are docketed text orders denying stay with no cited law or detailed analysis, let alone any discussion of this factor. In contrast, courts addressing this factor uniformly find it to favor stay, even where the stage was far more advanced than here. *See, e.g.*, *e-Watch, Inc. v. ACTi Corp.*, No. CIV.A. SA-12-CA-695, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013), *report and rec. adopted*, No. CIV.A. SA-12-CA-695, 2013 WL 6334304 (W.D. Tex. Aug. 26, 2013) (where case pending over a year and discovery served, factor favored stay pre-institution of IPRs filed by third-party on several patents-in-suit); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 109 (Fed. Cir. 2014) (factor "heavily" favored stay where six months left before discovery close and jury selection scheduled); *Qualcomm Inc. v. Apple Inc.*, No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966, at *3 (S.D. Cal. Aug. 29, 2018) (factor favored stay until institution decision though discovery conducted and claim construction briefing completed); *CF Traverse LLC v. Amprius, Inc.*, No. 20-CV-00484-RS, 2020 WL 6820942, at *1 (N.D. Cal. Nov. 6, 2020).

Thus, a stay now would optimize the conservation of party and judicial resources. If the PTO denies institution, "little time will be lost before the stay is lifted." *e-Watch, Inc.*, 2013 WL 6334372, at *7. But if it grants institution, "continuing to prosecute this case is likely to result in the unnecessary expenditure of the parties' and the Court's resources on claims and issues that could be resolved or changed as a result of the IPR proceedings." *Id.* This factor heavily favors a stay.

---

[2] Meetrix also cursorily mentions the timing of the IPR petitions (D.I. 40 at 5, 10), but gives no reason why it bears on this factor. Nor should it as the petitions were timely filed, and there is no claim that Zoho engaged in any dilatory tactic. *E.g.*, *WAG Acquisition, LLC v. Amazon.com, Inc.*, No. C22-1424JLR, 2023 WL 1991888, at *3 n.5 (W.D. Wash. Feb. 14, 2023)

### B.     Meetrix Will Not Be Unduly Prejudiced by a Stay

Meetrix cannot credibly claim urgency or undue prejudice. It concedes it is an NPE that seeks no injunctive relief. While Meetrix claims interest in "timely enforcement" of its patent rights (D.I. 40 at 11), it is Meetrix, not Zoho, that delayed for years to sue on the accused products. *VirtualAgility*, 759 F.3d at 1318-19 (reversing finding of undue prejudice because, *inter alia,* lack of injunctive relief requested and patentee's delay in filing suit). Any urgency is also belied by Meetrix's own unexplained 14-month delay to assert the '778 patent (issued on July 2, 2013) and its even further delay to amend its pleading to add it. Regardless, the mere delay in vindication of patent rights inherent in every stay is insufficient to overcome a stay motion. *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (noting it "present in every case in which a patentee resists a stay" and thus "not sufficient, standing alone, to defeat a stay motion") (citing cases). Moreover, if IPRs are not instituted, the stay will be for only a few months, mitigating any purported prejudice. *Anza Tech., Inc. v. Avant Tech., Inc*., No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (short stay pending institution decision would not unduly prejudice plaintiff).

While Meetrix argues a stay will "deprive" it of its "currently slated trial" (D.I. 40 at 11), there is no trial date set. Meetrix further suggests the near expiration of the patents-in-suit bears on this factor (*id.*) but provides no reason or citation to law. Again, it is Meetrix, not Zoho, that waited until near the term end of its patents before filing suit. *SCA Hygiene Prod. Aktiebolag v. Tarzana Enters.*, No. CV1704395ABJPRX, 2017 WL 5952166, at *5 (C.D. Cal. Sept. 27, 2017) (no undue prejudice where patent set to expire, because plaintiff "could have prevented this situation by filing suit many years ago") (citation omitted). But more importantly, whether the patents expire during this suit's pendency is not relevant. Meetrix is an NPE, no injunctive relief is sought, and monetary damages would sufficiently compensate it. *Audio MPEG, Inc. v. Hewlett-Packard Comp*., No.

2:15CV73, 2015 WL 5567085, at *5 (E.D. Va. Sept. 21, 2015) (monetary damages sufficient to compensate on expired patents thus no undue prejudice from 18-month[3] stay); *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL 321481, at *6 (S.D. Cal. Feb. 1, 2021). Meetrix provides no other reason why there would be any undue prejudice. This factor also favors a stay.

### C.     A Stay Will Simplify This Proceeding

Finally, a stay will simplify this case. Meetrix argues as a threshold matter that this factor cannot support stay as there is no institution decision yet. D.I. 40 at 1, 8. But as the "Federal Circuit has explained," a court "may grant a stay while the PTAB determines whether to act on a petition." *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. CV H-18-1517, 2018 WL 4901035, at *2 (S.D. Tex. Oct. 9, 2018), citing *Virtual Agility*, 759 F.3d at 1315-16 ("District courts have consistently applied the Federal Circuit's logic to motions to stay pending grants of [IPRs]."); *Qualcomm*, 2018 WL 4104966, at *2 (factor favored stay until institution decision) (citing cases); *SCA Hygiene*, 2017 WL 5952166, at *4 (where motion filed even before petitions, stay granted as outcome would simplify case by potentially mooting plaintiff's claims, limiting defendant's arguments, and provide benefit of PTO's expert evaluation of issues);[4] *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *7 (S.D. Cal. Mar. 8, 2021) (since Supreme Court's decision in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018), factor in "pre-institution phase is less speculative now that the PTAB is statutorily required to address every contested claim if the PTAB grants review of an IPR petition").

---

[3] Meetrix's claim that a final decision could be issued beyond the statutory one-year period (D.I. 40 at 11) is pure speculation, proffering no reason as to any "good cause" or joinder that could alter this timing.  *See* 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c); D.I. at 3 n.3 (no other cases involving patents-in-suit); D.I. 40 at 10 (erroneous reference to Verizon as former codefendant).
[4] Meetrix's reliance on *Adv. Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. CV 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016) is misplaced. Stay was denied without prejudice after M.J. Burke, *inter alia*, noted C.J. Stark's then view that "generally" this factor did not favor stay prior to institution decision but there was "leeway" to grant it and there, decision would occur *before* large-scale expenditure on discovery and claim construction. *Id.* at *1, *2. Here, much work will be done in the interim, including pleading challenges, invalidity contentions, claim construction, and *Markman*.

Moreover, contrary to Meetrix's claims, the PTO's FY2022 data supports simplification, with institution on 67% of petitions. D.I. 40-3 at 7; *WAG Acquisition*, 2023 WL 1991888, at *2 (detailed analysis of FY2022 data, applicable here, to conclude PTAB likely to institute IPRs and invalidate asserted claims). Meetrix otherwise fails to respond to a majority of Zoho's arguments on this factor (D.I. 39 at 4-6), unpersuasively relying on *Tessera*, 2018 WL 3472700 (E.D. Tex.).[5]

Here, Zoho's six petitions cover all claims at issue[6] whereby any instituted IPR likely will simplify this case. Indeed, Meetrix's point that the patents are in a "single patent family" (D.I. 40 at 9) makes simplification only more likely. *SITO Mobile R&D IP, LLC v. World Wrestling Ent., Inc.*, No. CV 21-721-CFC, 2021 WL 7628181, at *1 (D. Del. Dec. 20, 2021) (staying case likely to simplify case where patents "belong to the same family"). If Zoho prevails, one or more claims will be invalidated. If Meetrix prevails, Zoho will be estopped by the full effect of 35 U.S.C. § 315(e).[7] Statements during the IPR will become part of the file histories, helping to clarify the scope of any remaining claims. The PTO's expertise also will inform the Court, including on claim construction, the benefit of which the Court did not have in prior proceedings involving these patents.

## III. CONCLUSION

For the foregoing reasons, Zoho respectfully requests its motion to stay be granted.

---

[5] In *Tessera* J. Gilstrap cites *Trover Grp.*, 2015 WL 1069179 (E.D. Tex.) regarding the E.D. Tex. practice to deny stays until institution decision. This is not the majority view, has been distinguished, and is not binding on, nor the practice of, this District or Court. *See* Part II.C *supra*; *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*, No. CIV.A. H-15-144, 2015 WL 6394436, at *5 (S.D. Tex. Oct. 22, 2015); *Anza Tech.*, 2018 WL 11314191, at *2 (granting stay pre-institution).

[6] The '778 patent does not change this result. As an initial matter, the '778 patent is not yet alleged in the complaint. Even if added, Zoho may still file one or more IPR petitions on it. This case also will still be simplified if current IPR petitions are instituted. D.I. 39 at 5-6. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *Bell Semi., LLC v. NXP Semi., N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (citation omitted).

[7] Meetrix's estoppel arguments (D.I. 40 at 10) are inapposite. Limited estoppel is irrelevant since Zoho, as petitioner, will be bound by the full effect of 35 U.S.C. § 315(e). Meetrix's statement related to system art is mere recitation of law which applies to any IPR petitioner seeking a stay. Zoho is aware of no case that requires a petitioner to stipulate beyond the full effect of § 315(e) for stay to be granted.

Date: February 19, 2023                    Respectfully submitted,

/s/ Ryan J. Marton
Ryan J. Marton (admitted *Pro Hac Vice*)
ryan@martonribera.com
Carolyn Chang (admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN & CHANG LLP**
548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: 512.402.3550
Fax: 512.402.6865

*Attorneys for Defendant Zoho Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on February 19, 2023.

Dated: February 19, 2023                      */s/ Ryan J. Marton*  
                                                              Ryan J. Marton