FILED

FEB 2 8 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MEETRIX IP, LLC,                          §
                        PLAINTIFF,        §
                                          §
V.                                        §        CAUSE NO. 1:22-CV-588-LY
                                          §
ZOHO CORPORATION,                         §
                        DEFENDANT.        §
                                          §

## ORDER ON MOTION TO STAY

Before the court are Defendant Zoho Corporation's Opposed Motion to Stay Pending *Inter Partes* Review filed January 31, 2023 (Doc. #39); Plaintiff Meetrix's Opposition to Defendant Zoho's Motion to Stay Pending *Inter Partes* Review filed February 14, 2023 (Doc. #40); and Defendant Zoho Corporation's Reply in Support of Motion to Stay Pending *Inter Partes* Review filed February 19, 2023 (Doc. #41). Having reviewed the motion, response, reply, applicable law, and entire case file, the court will grant Defendant's motion to stay.

This is a civil action for infringement of United States Patent Nos. 8,339,997 ("'997 patent"), 9,094,525 ("'525 patent"), 9,253,332 ("'332 patent"), and 9,843,612 ("'612 Patent")(collectively the "Asserted Patents").[1] On December 16, 2022, Defendant Zoho Corporation ("Zoho") filed six *inter partes* review ("IPR") petitions challenging the claims of the Asserted Patents. On January 24, 2023, the United States Patent and Trademark Office ("USPTO") accorded the filing dates and institution decisions are expected no later than July 24, 2023. *See* 37 C.F.R. § 42.107(b) (preliminary response due no later than three months after date of notice indicating request to institute IPR has been granted filing date); 35 U.S.C. 314(b)

---

[1] On January 17, 2023, Plaintiff Meetric IP, LLC notified Defendant Zoho Corporation that it would be serving infringement contentions for U.S. Patent No. 8,477,778 (the "'778 patent"), a patent not previously asserted in this case. As of the date of this order, however, Plaintiff has not filed an amended complaint adding the '778 patent.

(determination whether to institute IPR to be made within three months after receiving preliminary response).

Zoho seeks a stay pending IPR review of the Asserted Patents, arguing that a stay will simplify the issues and potentially eliminate the need for trial. Zoho further argues that because the case is still in its early stages a stay will lessen the burden on the court and the parties. Finally, Zoho asserts that a stay will not unduly prejudice Plaintiff Meetrix IP, LLC ("Meetrix") because Meetrix is a non-practicing entity seeking only monetary damages and because Meetrix waited until near the term end of the Asserted Patents before filing suit. In response, Meetrix notes that *inter partes* proceedings have not commenced because Zoho has only filed petitions requesting *inter partes* review. Meetrix argues that Zoho's wait-and-see approach about whether the USPTO will commence *inter partes* proceedings will unnecessarily stall the case.

Courts have the inherent power to manage their dockets, including the authority to order a stay. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). A party seeking a stay bears the burden of showing that a stay is appropriate. *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CV-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). Courts generally consider three factors when determining whether to stay patent litigation in light of IPR proceedings: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question; and (3) the status of the litigation at the time a stay is requested. *Id.* In determining whether to stay court proceedings pending resolution of IPR proceedings, courts usually evaluate the totality of the circumstances in the particular case before them. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The court finds that a stay would not unduly prejudice or present a clear tactical disadvantage to Meetrix. The court agrees with Zoho that a stay pending review will not produce a significant delay the proceedings in this court. Meetrix did not file suit against Zoho for years after the accused products at issue were first launched. Therefore, the court concludes that the first factor weighs in favor of a stay.

The court further finds that a stay will simplify the issues in question in this case. The IPR decisions may significantly streamline the issues before the court. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (noting that "the prospect that the *inter partes* review proceeding will result in simplification of the issues" is "the most important factor bearing on whether to grant a stay"). *See also e-Watch, Inc. v. ACTi Corp., Inc.*, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013), report and recommendation adopted, 2013 WL 6334304 (W.D. Tex. Aug. 26, 2013). The court concludes that the second factor weighs in favor of a stay.

Finally, the court finds that the status of the litigation weighs in favor of a stay. No claim-construction briefing has been filed and no trial date has been scheduled. The court therefore concludes that the third factor weighs in favor of a stay.

Having considered the totality of the circumstances, the court finds that all three factors weigh in favor of a stay and will grant Zoho's motion.

**IT IS THEREFORE ORDERED** that Defendant Zoho Corporation's Opposed Motion to Stay Pending *Inter Partes* Review filed January 31, 2023 (Doc. #39) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending further order of the court.

**IT IS FURTHER ORDERED** that the Pre-*Markman* Scheduling Order rendered November 22, 2022 (Doc. #38) is **VACATED**.

**IT IS FINALLY ORDERED** that the parties shall file a Status Report **on or before July 31, 2023**, advising the court on any action taken by the USPTO related to the Asserted Patents.

SIGNED this _____ day of _____, 2023.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

4