**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 1:22-cv-00588-ADA** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **ZOHO CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF MEETRIX'S REPLY IN SUPPORT OF MOTION
TO ENFORCE SETTLEMENT AGREMENT**

Plaintiff Meetrix IP, LLC ("Meetrix" or "Plaintiff") files this Reply in Support of Motion to Enforce a Written Settlement Agreement (the "Motion") with Defendant Zoho Corporation ("Zoho"), which opposes the Motion. In support of its Motion, Meetrix would show as follows:

## I.    REPLY

### A.  Zoho's Self-Serving Statements Are Irrelevant to the Motion

The Zoho Opposition substantively fails. It does not even attempt to address the concept of offer and acceptance under Texas law. It does not evaluate a single one of the factors of offer and acceptance.

Rather than address the substance of the Motion, Zoho opts to fling mud. Contrary to the aspersions cast, the Meetrix campaign has been a successful one, licensing nearly every major web videoconferencing provider in the world, including Zoom, Cisco and Microsoft.  Conversely, Zoho has unfortunately been objectively unsuccessful in the market.  Litigating over a reasonable royalty from a company with 0.01% or less market share is a waste of the resources of the Court and the parties alike.  Zoho touts the partial success it had from duplicating IPR petitions filed by another

party, but the success of this multi-year enforcement campaign is ultimately of no relevance to the existence of a binding settlement agreement.

### B.  Contract Formation is Governed by Texas Law

Federal courts apply ordinary state-law principles that govern the formation of contracts *Doe v. Roblox Corporation*, 602 F.Supp.3d 1243 (N.D. Cal. 2022). This means that the specific state law principles of the forum state will typically be used to determine whether a valid contract has been formed.  *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31.  Accordingly, a federal court sitting in Texas will decide whether a settlement agreement was properly formed. Federal courts have the inherent power to enforce agreements entered in settlement of litigation, and the construction and enforcement of settlement agreements are governed by state law principles applicable to contracts.  *Kirby v. State Farm Lloyds'*, 663 F.Supp.3d 656 (N.D. Tex. 2023); *Borden v. Banacom Mfg. and Marketing, Inc.*, 698 F.Supp. 121 (N.D. Tex. 1988).

Zoho makes two legally unsubstantiated claims: (1) it never agreed to the provisions that it repeatedly sent to Meetrix in writing, and which were accepted in writing; and (2) impliedly, that a "wet" signature is required to have an enforceable agreement. Neither is supported by Texas law.

### C.  Zoho Sent the Complete Settlement Agreement as a Binding Offer

As set forth in the Motion, ***Zoho*** sent a written offer of settlement on January 3, 2025.  A true and correct copy of the transmission email was attached to the Motion as Exhibit 2.  Exhibit 1, the attachment to Exhibit 2, is entitled "Settlement and Covenant not to Sue Agreement," and contains all terms of the settlement agreement between parties.  It contains all provisions of the agreement.  Zoho's claim that it did not "agree" to its own offer thus reflects a fundamental misapprehension of the law of contracts.  Not only did Zoho make the offer in writing on January 3, 2025 (email from Phil Haak to Andrew DiNovo), it then re-urged its acceptance on January 10,

2025.  *See* Exhibit 3 to Motion (email from Ryan Marton to Andrew DiNovo).

Meetrix sent a written acceptance of the written and complete offer on January 13, 2025. A true and correct copy of the acceptance was attached to the Motion as Exhibit 3.  The Settlement and Covenant Not to Sue Agreement contains mutuality of obligations.  *See generally* Exhibit 1. There is a binding contract between the parties.  Zoho seems to imply that its counsel, not the parties, agreed on the terms. But it is axiomatic that counsel cannot offer to bind its client without authorization; to do so is a possible ethical violation.  Counsel has authority to bind its client, and does so routinely.  "The attorney-client relationship is an agency relationship. The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts...." *Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 712 (N.D. Tex. 2013) (enforcing litigation settlement agreement assented to by email)(citing *Gavenda v. Strata Energy, Inc.,* 705 S.W.2d 690, 693 (Tex. 1986)).

Zoho has cited no case that holds that a written offer, accepted in writing, must have a wet signature.  Instead it cites *Harvey v. Caesars Ent. Operating Co*., 790 F. App'x 582, 595 (5th Cir. 2019), which compels the opposite conclusion.  In this unreported case, there was no written settlement agreement that had been agreed.  The *Harvey* court was unconvinced that a lawyer saying "We'll draft up a settlement agreement" or the following exchange showed a final agreement.

> This email does not indicate that a settlement agreement had been reached. Instead, it merely suggests that the attorneys anticipated a settlement being agreed to in the future. Subsequent emails between the attorneys further convince us that the parties had not settled. In one email, Harvey's counsel provided "comments to the draft settlement agreement" ***in which he materially changed portions of a proposed settlement***. The remainder of the emails between the attorneys very much reflect active settlement negotiations rather than discussions between parties who had already settled. Given the lack of evidence of an enforceable settlement, the district court did not err in denying Harvey's motion.

*Harvey v. Caesars Ent. Operating Co., Inc.*, 790 F. App'x 582, 595 (5th Cir. 2019) (emphasis

added). Directly opposite these facts, Zoho sent a complete agreement to Meetrix, which was accepted in writing **with no changes whatsoever**. Zoho does not enumerate or analyze the factors of offer and acceptance, presumably because it knows its position is meritless.

### A. A "Wet" Signature is Not Required Under Texas Law to Accept an Offer

Zoho cites *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) for the proposition that a settlement agreement must comply with Rule 11 (Opposition at 5). It then proceeds to argue that a signature is required for a binding settlement agreement (Opposition at 6). Specifically, Zoho argues: "Meetrix does not contend that the Draft is signed by either party. Indeed, it is not. This alone renders the Draft unenforceable under Texas Rule 11." *Id*. First, email transmissions qualify as writings that are sufficient to constitute both a writing and a signature. *Williamson*, 947 F. Supp. 2d at 712. Second, apparently, Zoho did not read *Padilla*.

In *Padilla*, the Texas Supreme Court ruled that a series of written communications resulted in a binding and enforceable settlement agreement, despite the absence of execution of the final agreement and the existence of one arguably open issue relating to payment. Here, there are no open issues—the final document is the one sent and urged by Zoho's counsel, with their names appended to multiple communications. *See* Exhibit 3. The same passage Zoho cites has the following holding:

> **These principles apply equally to Rule 11 agreements. Applying them here, we hold that the series of letters between Steidley, Bradshaw and Chandler are sufficient to constitute an agreement in writing satisfying Rule 11**…. Where an offer prescribes the time and manner of acceptance, those terms must ordinarily be complied with to create a contract. *See Town of Lindsay v. Cooke County Elec. Cooperative Ass'n,* 502 S.W.2d 117, 118 (Tex.1973), *cert. denied,* 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1974)…
>
> Rather than requiring actual payment by a particular deadline, **Steidley accepted Padilla's agreement to pay the policy limits as acceptance of his earlier offer. Moreover, the letters reflect all material terms of the agreement.**

*Padilla v. LaFrance*, 907 S.W.2d 454, 460–61 (Tex. 1995) (enforcing unexecuted settlement terms

reflected in the correspondence).

The facts here are more compelling. Zoho sent a written offer; urged its acceptance by Meetrix; it was accepted unequivocally and with no open issues. *See* Exhibits 1-3 to Motion. Zoho simply ignores offer and acceptance under Texas law and the holding of its own Texas Supreme Court case.

The other case it cites for its incorrect proposition is *Techradium*, an unreported case whose application of Texas law is incorrect.  *TechRadium, Inc. v. Edulink Sys., Inc.*, No. CIV.A. H-10-1887, 2011 WL 2709029 (S.D. Tex. July 12, 2011).  Moreover, the court focused on the "Effective Date" being the date of execution, whereas the agreement sent by Zoho bears an effective date of December 18, 2024, several weeks past.  *See* Exhibit 1 to Motion.  If the reasoning in the *Techradium* were applied as Zoho requests it would eviscerate the law of offer and acceptance, because signatures are almost always anticipated to forestall the very type of crawfishing Zoho has done here while deals are agreed in email routinely.  As set forth in *Padilla*, unequivocal assent is fully sufficient to operate as an acceptance.  *See also Williamson*, 947 F. Supp. 2d at 712. *Techradium* does not change the fundamental law of offer and acceptance in Texas, which Zoho has not addressed in the opposition.

Indeed, Zoho's position has been squarely rejected by a more recent, supported case.

Further, ***a district court can enforce a settlement agreement where the parties have agreed to the materials terms and one party later refuses to execute a formal agreement***. *See Weaver v. World Fin. Corp. of Tex.*, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (Fish, J.) (citing *Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998) (per curiam)). " 'Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement.' " *Id.* (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)).

*KeyCorp v. Holland*, 2017 WL 3242294, at *2 (N.D. Tex. July 28, 2017).

### B.  Meetrix Should Be Awarded Its Reasonable Attorneys' Fees

Zoho continuing to fight over the formation of a written agreement it offered and urged to be adopted, and which was agreed in writing, is a waste of time and resources, including of the Court and the undersigned.

The Court has inherent authority, consistent with the substantive contract laws of both Texas and California, to levy a sanction against Zoho for its intransigence. Zoho could not even muster an analysis of offer and acceptance because its position is so meritless. And to what end? An opportunity to grandstand, which is reflected in its self-serving but legally insufficient Opposition.

Meetrix respectfully requests the Court award Meetrix its reasonable attorneys' fees in enforcing the Settlement Agreement.  Federal courts have the authority to sanction parties and award attorney's fees under several circumstances. This authority is derived from three primary sources: Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A. § 1927, and the court's inherent power.  Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed if a party or attorney submits pleadings, motions, or other papers for improper purposes such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Sanctions under Rule 11 can include monetary penalties and orders to pay attorney's fees.  Similarly, under 28 U.S.C.A. § 1927, any attorney or person admitted to conduct cases in federal court who unreasonably and vexatiously multiplies proceedings may be required to satisfy personally the excess costs, expenses, and attorney's fees incurred due to such conduct. *Id.*  Finally, federal courts also possess inherent power to impose sanctions, including attorney's fees, for bad faith conduct, willful disobedience of court orders, or actions taken vexatiously, wantonly, or for oppressive reasons. *Taylor v. Teledyne Technologies, Inc.*, 338 F.Supp.2d 1323 (2004); *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546 (1986).  This inherent power allows courts to manage their own

affairs and ensure the integrity of the judicial process.

## II.    CONCLUSION

For the reasons set forth above, this Court should grant Meetrix's Motion.

Dated:  May 8, 2025                    Respectfully submitted,

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
**DINOVO PRICE, LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile:  (512) 727-6691

John D. Saba, Jr.
Texas State Bar No. 24037415
john@wittliffcutter.com
**WITTLIFF AUSTIN, PLLC**
1209 Nueces St.
Austin, Texas 78701
Telephone: (512) 960-4388
Facsimile:  (512) 960-4869

**ATTORNEYS FOR PLAINTIFF
MEETRIX IP, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule 5(b)(2)(E) on May 8, 2025.  As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document via email.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
