IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MEETRIX IP, LLC, § | |
|        PLAINTIFF, § | |
| § | |
| V. § | 1:22-CV-00588-ADA |
| § | |
| ZOHO CORPORATION, § | |
|        DEFENDANT. § | |

**ORDER**

Before the Court is Plaintiff Meetrix IP, LLC ("Meetrix" or "Plaintiff")'s Motion to Enforce Settlement Agreement with Defendant Zoho Corporation ("Zoho" or "Defendant"). ECF No. 55. The Court has considered the motion (ECF No. 55), Zoho's response (ECF No. 56), and Meetrix's reply (ECF No. 57). Upon that consideration, the Court finds that Meetrix's motion (ECF No. 55) should be **DENIED**.

    **I.**    **BACKGROUND**

Meetrix filed its Complaint against Zoho on December 10, 2021, asserting four patents which related to audio-video and conference call technology. ECF No. 1. Following several motions to dismiss and a motion to transfer the case to the Austin Division, Meetrix attempted some unsuccessful settlement discussions with Zoho. ECF No. 56 at 2. The case was then transferred to the Austin division. *Id.*

In December 2022, Soho filed six Inter Partes Review Petitions ("IPRs") challenging all of the asserted Meetrix Patents. *Id.* All six IPRs were instituted, and the Patent Office eventually held that all but four of the Asserted Meetrix patents were invalid. *Id.* Meetrix reached out to Zoho again about a possible settlement in August 2024, but those were not successful and Meetrix filed notices of appeal in September 2024. *Id.* at 2-3.

On December 10, 2024, Meetrix's counsel emailed Zoho's counsel stating that the firm had "received authorization to do a walkaway on Meetrix," and asked "if that works on your end, please confirm and will send the paperwork." ECF No. 56-13 at 6. Zoho's counsel responded that Zoho would agree to a walk away if Meetrix provided a covenant not to sue on its entire patent portfolio. *Id.*

On December 18, 2024, Zoho's counsel sent Meetrix's counsel a draft covenant not to sue, explaining that it was a draft. *Id.* at 4. Meetrix's counsel emailed back the draft with redline edits to Zoho's counsel on January 2, 2025, saying "Attached are our comments." *Id.* The next day, Zoho's counsel emailed back proposed revisions saying "[attached are our responsive comments," and explained that it "accepted" Meetrix's redline edits—which only meant removing redline changes by accepting them in the document so that Zoho's counsel's new edits could be identified. *Id.* at 3.

On January 13, 2025, Meetrix's counsel emailed saying "this looks fine. Can you have Zoho execute?" which was referring to the January 3, 2025, document sent by Zoho's counsel. *Id.* Zoho's counsel sent the January 3, 2025, document to its client Zoho for review and approval, but Zoho rejected it because it could not agree to its confidentiality provision. ECF No. 56 at 4. Zoho's counsel emailed Meetrix's counsel on January 17, 2025, saying that Zoho would execute if the confidentiality provision could be removed. ECF No. 56-13 at 2. Meetrix rejected that offer and informed Zoho's counsel that it would seek to enforce the January 3, 2025, document in court if Zoho would not agree to it. *Id.*

On April 17, 2025, Meetrix filed its Motion to Enforce Settlement, attaching as an exhibit the January 3, 2025, document as what it wishes to be enforced. *See* ECF No. 55-1. The January 3,

2025, document includes redlined changes made by Zoho's counsel still present and is not signed by any of the three people listed as a signatory. *Id.* at 3, 8.

## II.  LEGAL STANDARD

"Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements [in cases that do not involve federal claims] is governed by the principles of state law applicable to contracts generally[.]" *Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 668 (N.D. Tex. 2023) (internal citations omitted). A federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement. *Id.* Thus, Texas law and the Texas Rule of Civil Procedure 11 apply to settlement agreements, and, therefore, apply here to whether the parties' settlement agreement is enforceable against Zoho. *See id.* (citations omitted).

Under Texas law, the elements of a valid contract are (1) an offer, (2) acceptance, (3) a **meeting** of the **minds**, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Innovative Vision Sols., LLC v. Kempner*, No. 01-20-00195-CV, 2022 WL 868130, at *10 (Tex. App. Mar. 24, 2022) (citations omitted). Rule 11 provides that "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, *or* unless it be made in open court and entered of record." Tex. R. Civ. P. 11. "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits." *Kirby*, 663 F. Supp. 3d at 668. (citations omitted).  Settlement agreements must therefore satisfy ordinary principles of contract law, along with Rule 11's requirements.

## III.  DISCUSSION

The Court determines that the parties never reached an enforceable settlement agreement, As Zoho correctly contends in its response, the January 3, 2025, document was merely a draft. Under Texas law, it cannot be enforced. Though the parties were contemplating settlement, they never reached an agreement that can be enforced by this Court.

The case *Kirby v. State Farm Lloyds'* from the North District of Texas is helpful guidance for determining whether to enforce a settlement agreement under Texas law and Rule 11. 663 F. Supp. 656. *Kirby* is distinguishable from this case at hand. There, the court found that emails exchanged between parties' attorneys gave rise to a binding Settlement Agreement under Rule 11. *Id.* at 669. There, the parties had reached an agreement on all material terms and had already filed a joint notice of settlement with the court, reflecting their intent to dismiss the action pursuant to an agreement. *Id.* Here, however, the parties never filed a joint notice of settlement. Additionally, the parties in *Kirby* were emailing about finalizing payment mechanics, and the court there found nothing suggested that either party considered the terms to be incomplete. *Id.* Here, however, the emails themselves demonstrate that counsel for Meetrix and Zoho were passing back and forth drafts with an understanding that Zoho's agreement to draft terms was still needed for execution. There was therefore never an agreement reached.

Rule 11's writing requirements might be satisfied by the series of emails and the January 3, 2025, document under *Kirby*'s precedent. *Id.* at 669-670. (finding a series of emails satisfied the requirements, and noting that the "from" line in an email was sufficient to satisfy the signature requirement). However, the writing requirements of Rule 11 are not the only matters to satisfy before this Court will enforce a settlement. Importantly, there must be an actual agreement to enforce. The January 3, 2025, document is unsigned by any person and still contains redline edits. Email exchanges demonstrate counsels' common perception that drafts had been

exchanged and Zoho's approval was still required before execution. Therefore, even if reliance on *Kirby* can allow Meetrix's exhibits to satisfy Rule 11's procedural requirements, this Court finds no agreement to enforce. Meetrix's position fails under Texas contract law, because the parties did not have a meeting of the minds and intent to be bound by the January 3, 2025, document. Rather, the parties' counsel understood that document to be a new draft which would require Zoho's approval in order to be executed. The document therefore cannot be enforced as a contract.

## IV. CONCLUSION

The Court finds that the parties never reached into an enforceable settlement agreement. Counsel for both parties were sharing drafts, had not agreed to all material terms, and recognized that Zoho's approval was still required before there was any execution. This Court will not enforce the unsigned document still containing redlines.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Enforce Settlement (ECF No. 55) is **DENIED.**

**SIGNED** ON SEPTEMBER 29, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE